UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTHONY AVERY,

     Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

     Defendant.
_____/

COMPLAINT

COMES NOW, the Plaintiff, ANTHONY AVERY, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, ANTHONY AVERY, is *sui juris*, and a citizen and resident of the state of New York.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about February 5, 2016, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL FASCINATION as a result of a wet and unreasonably slippery passenger deck.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL FASCINATION.

## COUNT ONE-NEGLIGENT MAINTAINANCE OF THE DECK

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff was walking on the Lido Deck of the CARNIVAL FASCINATION.

15. It had rained earlier in the day but the rain had stopped long enough for Defendant in the exercise of due care to have dried the deck.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to dry the Lido Deck from the rain even though it had ample and sufficient time to do so.

17. The deck was made unreasonably slippery by the presence of water on the deck.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL FASCINATION by reason of an unreasonably dangerous and slippery wet wooden deck surface on the Lido Deck.

19. The floor or deck was unreasonably slippery because it was wet and/or because Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet.

20. The wetness came from rain that had stopped sufficiently in time for Defendant to have cleaned and dried all the decks that passengers were permitted to traverse.

21. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain a floor on a passenger deck in a reasonably safe, dry and non-slippery condition, and/or;

    b. Failing to properly and safely train deck employees in the care and maintenance of a floor on a passenger deck after a rainstorm, and/or;

    c.    Failing to conduct routine safety inspections on a floor on a passenger deck after it had stopped raining, and/or;

    d.    Failing to assign a sufficient number of crew members to keep a floor on a passenger deck in a clean and dry condition, and/or;

    e.    Failing to place non-slip mats on a slippery walking surface which would eliminate a known hazard, and/or;

    f.    Failing to properly dry the deck after it had stopped raining for a sufficiently long period of time for Defendant to have dried the deck, and/or;

22. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty-one to have caused or contributed to causing Plaintiff's injury.

23. As a result of the foregoing, the Plaintiff was seriously injured when he was caused to slip and fall on the Lido Deck. The Plaintiff saw that the deck was wet prior to his slipping and falling and being injured but was unaware that the deck was unreasonably and dangerously slippery when wet.

24. At all times material hereto, the Plaintiff acted with reasonable care for his own safety and was walking carefully and cautiously but still slipped and fell.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing

conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

27. Defendant CARNIVAL actively participated in the design and construction of CARNIVAL FASCINATION. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the flooring which caused Plaintiff's injury and chose or participated in choosing the materials such as the flooring/decking where the incident occurred

28. Defendant contracted with design firms to design and construct the floor where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the Lido Deck where Plaintiff slipped and fell.

29. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design flooring on the Lido Deck which was and is reasonably safe in the circumstances when it was wet.

30. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably

slippery and dangerous when wet.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff slipped and fell on a wet and unreasonably slippery deck and was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from surgery. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

## COUNT III-NEGLIGENT FAILURE TO WARN

33. Plaintiff reavers and realleges Paragraphs 1-12 and 23 as if set forth herein.

34. The Plaintiff was seriously injured when he was caused to slip and fall on the Lido Deck. The Plaintiff saw that the deck was wet prior to his slipping and falling and being injured. Although it had rained earlier in the day, the rain had stopped for a sufficiently long enough period of time for Defendant to place warning signs in the area that would have warned Plaintiff that the deck was still wet from rain and/or unreasonably slippery when wet.

35. In this case, although the floor was wet, no warning signs or cones had been placed in the area alerting Plaintiff to the unreasonably dangerous nature of the walking surface.

36. At all times material, Plaintiff was acting with due care for his own safety.

37. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that the deck was unreasonably and dangerously slippery when it was wet.

38. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from surgery.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

39. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was wet and also was unreasonably slippery and dangerous when wet.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 23rd day of January, 2017.

HOFFMAN LAW FIRM
PAUL M. HOFFMAN, ESQ.
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040

*/s//Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN
Florida Bar No:  0279897